IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos.   CV-07-448-S-BLW |
| | ) |                         CR-05-203-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| RUBEN JAIME MARTINEZ-QUINTERO, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-07-448-S-BLW). Having reviewed the Government's Response (Docket No. 3) and Defendant's Reply (Docket No. 4), the Court enters the following Order dismissing the Motion.[1]

### REVIEW OF 28 U.S.C. § 2255 MOTION

A.   Background and Summary of Issues

Defendant pled guilty pursuant to a Plea Agreement (Docket No. 34) to two

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-05-203-S-BLW.

**Memorandum Decision and Order - 1**

counts of distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B). On June 1, 2006, the Court imposed a sentence of 108 months of imprisonment to be followed by a term of supervised release of life. *Judgment* (Docket No. 67). Defendant thereafter filed a Notice of Appeal (Docket No. 69). However, he voluntarily dismissed the appeal on July 14, 2006. *USCA Mandate* (Docket No. 88).

Defendant filed the pending § 2255 Motion on October 19, 2007 alleging ineffective assistance of counsel for failure to argue that he was entitled to a downward departure under 18 U.S.C. § 3553(a) based on disparate treatment of aliens. The Government's Response requests dismissal on the grounds that Defendant's § 2255 Motion is time-barred. Defendant's Reply asserts that his counsel was ineffective at sentencing, that his sentence was not fair, and that he did not agree to a sentence of 108 months.

## B.   Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the

**Memorandum Decision and Order - 2**

maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

### C.   Discussion

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of several potential dates. 28 U.S.C. § 2255. As relevant here, the date on which the judgment of conviction became final started the running of the statute of limitations. The judgment became final on July 14, 2006, when the Ninth Circuit dismissed Defendant's appeal pursuant to his motion for voluntary dismissal. *See United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) (finding appellate court no longer has jurisdiction after a notice of appeal is voluntarily dismissed); *United States v. Outen*, 286 F.3d 622, 631 (2d Cir. 2002) ("A withdrawal of an appeal is an expression of intent of the parties [ ] not to pursue the appeal any further and brings the appeal to an end."); *Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir. 1992) ("filing and dismissing an appeal prevents appellate review"). Therefore, Defendant was required to file his § 2255 Motion

**Memorandum Decision and Order - 3**

by July 14, 2007. Because Defendant did not file his § 2255 Motion until three months after that date, it is subject to dismissal. *See, e.g., United States v. Sylvester*, 2007 WL 4395652, at *1 (3d Cir. Dec. 14, 2007) (unpublished) (citing *United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005)) (finding § 2255 motion time-barred where not filed within one-year of voluntary dismissal of appeal given that further direct review was foreclosed as of that date).

The sole issue raised in the Government's Response was that the § 2255 Motion was subject to dismissal because it was not timely filed. Nevertheless, rather than address that issue or offer reasons for the late filing, Defendant simply asserted different grounds upon which he wishes to challenge his sentence. The Reply states no grounds for excusing the late filing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-07-448-S-BLW) is DISMISSED.

DATED: March 13, 2008

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 4**